EBCUMACP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA

       v.                              13 CR 811(ALC)

ANDY MACCOW,

             Defendant.

------------------------------------x

                         New York, N.Y.
                         November 12, 2014
                         2:30 p.m.


Before:

                 ANDREW L. CARTER, JR.


                         District Judge


                  APPEARANCES

PREET BHARARA
    United States Attorney for the
    Southern District of New York
BY:   JASON A. MASIMORE
    Assistant United States Attorney

DOAR, RIECK, KALEY & MACK
    Attorneys for Defendant
BY:  WALTER STAUNTON MACK, JR.

EBCUMACP

1          THE DEPUTY CLERK:  Criminal cause for a change of plea

2     hearing in case number 13 CR 811, United States v. Andy Maccow.

3          Counsel, please state your appearance for the

4     government.

5          MR. MASIMORE:  Good afternoon, your Honor.

6          Jason Masimore for the government.

7          THE DEPUTY CLERK:  And for the defendant.

8          MR. MACK:  Good afternoon, your Honor.

9          Walter Mack for the defendant, Andy Maccow, who is

10    sitting to my left.

11         THE COURT:  Good afternoon.

12         My understanding is that Mr. Maccow would like to

13    waive indictment and ultimately plead guilty to a superseding

14    information pursuant to an agreement with the government, is

15    that correct?

16         MR. MACK:  That is correct.

17         THE COURT:  Mr. Maccow, I will ask you some questions.

18    I am going to require that your answers be under oath so I will

19    ask my wonderful and talented deputy to administer an oath.

20         (Defendant sworn)

21         THE COURT:  Mr. Maccow, what is your full name?

22         THE DEFENDANT:  Andy Hector Maccow.

23         THE COURT:  How old are you?

24         THE DEFENDANT:  30 years old.

25         THE COURT:  How far did you go in school?

EBCUMACP

1          THE DEFENDANT:  11th grade, sir.

2          THE COURT:  Are you currently or have you recently

3    been under the care of a physician or a psychiatrist?

4          THE DEFENDANT:  No, sir.

5          THE COURT:  Have you recently been hospitalized or

6    treated for narcotics addiction?

7          THE DEFENDANT:  No, sir.

8          THE COURT:  Have you taken any drugs, medicine or

9    pills or had any alcoholic beverage in the last 24 hours?

10          THE DEFENDANT:  No, sir.

11          THE COURT:  Have you seen a copy of the superseding

12    information?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  Have you discussed it with your attorney?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Do you understand the nature of the

17    charges in the superseding information?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Counsel for Mr. Maccow, is that correct?

20          MR. MACK:  That is correct, your Honor.

21          THE COURT:  I've observed Mr. Maccow's appearance in

22    court and his answers to my questions.  He appears alert.  I

23    find that he is competent to proceed and we will continue.

24          Counsel for the defense, do you have any doubt as to

25    Mr. Maccow's competency to proceed?

EBCUMACP

1          MR. MACK:  None whatsoever.

2          THE COURT:  Turning to that superseding information,

3   the superseding information has three felony counts.  Do you

4   understand, Mr. Maccow?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Count 1 is a conspiracy to burglarize

7   pharmacies.  And Count 1 has charged two overt acts.  The first

8   overt act in furtherance of the conspiracy and to effect the

9   illegal object of the conspiracy, the government has claimed

10   that on or about October 15, 2013 that you participated in the

11   attempted burglary of a pharmacy at 83 East Gun Hill Road in

12   the Bronx during which you and your co-conspirators intended to

13   steal controlled substances.

14          In addition, on or about April 23, 2012, Maccow

15   participated in the burglary of a pharmacy at 495 Beach 20th

16   Street in Queens, during which tablets containing controlled

17   substances were stolen, along with more than $23,000 in United

18   States currency, in violation of Title 18, United States Code,

19   Section 2118(d).  Do you understand that?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Count 2 charges a narcotics conspiracy.

22   Do you understand?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Count 3 charges obstruction of justice.

25   Do you understand?

EBCUMACP

1         THE DEFENDANT:  Yes, sir.

2         THE COURT:  In addition, there are forfeiture

3    allegations and a substitute assets provision in the

4    superseding information.  Do you understand?

5         (Discussion off the record between defendant and

6    counsel)

7         THE DEFENDANT:  Yes, I do, understand.  Yes.

8         THE COURT:  Have you reviewed all of that with your

9    attorney?

10        THE DEFENDANT:  Yes, sir.

11        THE COURT:  Counsel, do you believe that Mr. Maccow

12   understands the nature of all of the charges contained against

13   him in the superseding information as well as the forfeiture

14   allegation and substitute assets provision?

15        MR. MACK:  I do so.

16        THE COURT:  Do you waive a formal reading of the

17   superseding information?

18        MR. MACK:  I do, your Honor.

19        THE COURT:  Mr. Maccow, again, let me ask you, do you

20   understand the nature of the charges against you in the

21   superseding information?

22        THE DEFENDANT:  Yes, sir.

23        THE COURT:  You have a constitutional right to be

24   charged by an indictment of a grand jury, but you can waive

25   that right and consent to being charged by an information of a

EBCUMACP

United States Attorney.  Instead of an indictment, these felony

charges against you have been brought by the U.S. Attorney by

the filing of an information.  Do you understand?

THE DEFENDANT:  Yes, sir.

THE COURT:  Unless you waive indictment, you may not

be charged with a felony unless a grand jury finds by return of

an indictment that there is probable cause to believe that a

crime has been committed and that you committed it.  If you do

not waive indictment, the government may present the case to a

grand jury and ask it to indict you.  Do you understand?

THE DEFENDANT:  Yes, sir.

THE COURT:  A grand jury is composed of at least 16

and not more than 23 persons, and at least 12 grand jurors must

find that there is probable cause to believe you committed the

crime with which you are charged before you may be indicted.

The grand jury might or might not indict you.  Do you

understand?

THE DEFENDANT:  Yes, sir.

THE COURT:  If you waive indictment by the grand jury,

the case will proceed against you on the U.S. Attorney's

information just as though you had been indicted.  Do you

understand?

THE DEFENDANT:  Yes, sir.

THE COURT:  Have you discussed waiving your right to

indictment by the grand jury with your attorney?

EBCUMACP

1         THE DEFENDANT:  Yes, sir.

2         THE COURT:  Do you understand your right to be

3    indicted by a grand jury?

4         THE DEFENDANT:  Yes, sir.

5         THE COURT:  Have any threats or promises been made to

6    induce you to waive indictment?

7         THE DEFENDANT:  No, sir.

8         THE COURT:  I want to make sure you understand that

9    you have the right to be represented by an attorney at every

10   stage of this criminal litigation.  Do you understand?

11        THE DEFENDANT:  Yes, sir.

12        THE COURT:  If you cannot afford to hire your own

13   attorney, the Court will give you an attorney for free.  Do you

14   understand?

15        THE DEFENDANT:  Yes, sir?

16        THE COURT:  Counsel, are you appointed or retained on

17   this matter?

18        MR. MACK:  I am appointed, your Honor.

19        THE COURT:  Mr. Maccow, do you wish to waive your

20   right to indictment by a grand jury?

21        THE DEFENDANT:  Yes, sir.

22        THE COURT:  Counsel, is there any reason why your

23   client should not waive indictment?

24        MR. MACK:  None that I know of, your Honor.

25        THE COURT:  I have a waiver of indictment form that

1    appears to be signed by Mr. Maccow.

2          Let me just confirm that that is your signature?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Before signing it, did you read that and

5    discuss that with your attorney?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  And when you signed it, did you sign it

8    because you wished to waive your right to indictment?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  All right.  I will enter an order finding

11    that the waiver is knowingly and voluntarily made, and I accept

12    the waiver, proceed to arraignment on the superseding

13    information.

14          You have indicated, Mr. Maccow, that you do in fact

15    understand the nature of the charges contained in the

16    superseding information, correct?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  I understand that you ultimately wish to

19    plead guilty to the superseding information, but before I can

20    accept any plea of guilty, I have to make sure that you have

21    understood the rights that you will be waiving by pleading

22    guilty and make sure there is a factual basis for the plea.  So

23    for the time being, the Court will enter a plea of not guilty

24    on your behalf to all three charges in the superseded

25    information.  Do you understand?

EBCUMACP

1      (Discussion off the record between defendant and
2  counsel)
3          THE DEFENDANT:  I understand.
4          THE COURT:  So for the time being, the Court will
5  enter on your behalf a plea of not guilty to the three charges
6  contained in the superseding information.  Do you understand
7  that?
8          (Discussion off the record between defendant and
9  counsel)
10         THE DEFENDANT:  Yes, sir.
11         THE COURT:  Now, Mr. Maccow, you have a constitutional
12  right to continue to plead not guilty.  Do you understand?
13         THE DEFENDANT:  Yes, sir.
14         THE COURT:  If you persist in your plea of not guilty,
15  you have a right to a speedy and public trial by jury.  Do you
16  understand?
17         THE DEFENDANT:  Yes, sir.
18         THE COURT:  At every stage of this criminal litigation
19  including trial, you have the right to be represented by an
20  attorney, and if you could not afford an attorney, the Court
21  would give you an attorney for free.  Do you understand?
22         THE DEFENDANT:  Yes, sir.
23         THE COURT:  At trial you would be presumed innocent
24  and you would not have to prove that you were innocent.  Do you
25  understand?

10

EBCUMACP

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  The burden of proof would be on the

3    government at all times and the government would have to prove

4    each and every element of the crimes charged beyond a

5    reasonable doubt.  Do you understand?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Let's turn to the elements that the

8    government would have to prove.  For Count 1, the government

9    would have to prove beyond a reasonable doubt that, first, two

10   or more persons agreed to burglarize or attempt to burglar

11   pharmacies involving controlled substances.  Do you understand?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  Second, that you joined the agreement or

14   conspiracy knowing of its objective to burglarize and attempt

15   to burglarize pharmacies involving controlled substances.  Do

16   you understand?

17         THE DEFENDANT:  Yes, sir.

18         THE COURT:  Third, that at some time during the

19   existence of the agreement or conspiracy, at least one of its

20   members performed an overt act in order to further the

21   objectives of the agreement.  Do you understand?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  Count 2 has the following elements.

24         First, without authority, you entered or attempted to

25   enter or remain in the business premises or property of a

EBCUMACP

1  person registered with the Drug Enforcement Agency under

2  Section 302 of the Controlled Substances Act, 21, U.S.C.,

3  Section 822.  Do you understand?

4             (Discussion off the record between defendant and

5  counsel)

6             THE DEFENDANT:  Yeah, I do understand.  Yes, sir.

7             THE COURT:  Second, that you intended to steal

8  materials or compounds containing any quantity of a controlled

9  substance.  Do you understand?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  Third, that the replacement costs of the

12  controlled substance to the person registered with the Drug

13  Enforcement Agency was not less than $500 or the person who

14  engaged in such entry or attempted such entry or who remained

15  in such premises or property traveled in interstate commerce or

16  used any facility in interstate commerce to facilitate such

17  entry or attempt or to facilitate or to remain in such premises

18  or property.  Do you understand?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  In addition, for all three counts, if you

21  plead guilty, you would be waiving your right to challenge the

22  venue of the prosecution.  What that means is, ordinarily, the

23  government is required to bring the prosecution in the judicial

24  district where the crime took place.  If you plead guilty, you

25  will be giving up your right to challenge the venue of this

EBCUMACP

1    prosecution.  Do you understand?

2              MR. MACK:  Just one moment.

3              (Discussion off the record between defendant and

4    counsel)

5              THE DEFENDANT:  Yes, sir, I do understand.

6              THE COURT:  Counsel for the government, have I left

7    out any elements of any of the offenses?

8              MR. MASIMORE:  Your Honor, did I miss on Count 3, the

9    obstruction charge?

10             THE COURT:  You are very correct.  Thank you.

11             Let's go to Count 3.  Those are the elements for

12   Counts 1 and 2.

13             MR. MASIMORE:  Your Honor, did the Court give the

14   instructions on the narcotics conspiracy or was it substantive

15   burglary which would be the objective of the offense?  I wasn't

16   sure if I was following it correctly, but I think that I heard

17   the Court give the objectives of the Count 1 conspiracy and

18   then explain the elements of the substantive offense for

19   burglary.  I don't recall hearing the elements for the Count 2

20   drug conspiracy or Count 3.

21             THE COURT:  Thank you.

22             MR. MASIMORE:  I do have a letter dated November 12th,

23   I can hand up the copy, that has the elements.

24             THE COURT:  I do have it.

25             Let's go back.  Let's start again.  Let's go over the

EBCUMACP

 1    elements that the government would have to prove.

 2            Again, the charges contained against you for Counts 1,

 3    2 and 3 of the superseding indictment are:

 4            For Count 1, the government would have to prove that:

 5            First, that two or more persons agreed to burglarize

 6    or attempted to burglarize pharmacies involving controlled

 7    substances.  Do you understand?

 8            THE DEFENDANT:  Yes, I do understand.

 9            THE COURT:  Second, that if you joined the agreement

10    or conspiracy knowing of its objective to burglarize or attempt

11    to burglarize pharmacies involving controlled substances.  Do

12    you understand?

13            THE DEFENDANT:  Yes, sir, I do understand.

14            THE COURT:  Third, that at sometime during the

15    existence of the agreement or conspiracy, at least one of its

16    members performed an overt act in order to further the

17    objectives of the agreement.  Do you understand?

18            THE DEFENDANT:  Yes, sir, I do understand.

19            THE COURT:  Count 2, the narcotics conspiracy has the

20    following two elements:

21            First, that you agreed with others to possess with

22    intent to distribute controlled substances including oxycodone.

23    Do you understand?

24            THE DEFENDANT:  Yes, sir.

25            THE COURT:  Second, that you did so knowingly and

EBCUMACP

1   intentionally.  Do you understand?

2           THE DEFENDANT:  Yes, sir.

3           THE COURT:  Count 3, obstruction of justice has the

4   following elements:

5           First, on or about the date charged, May 19, 2012,

6   that you knowingly used physical force or the threat of

7   physical force against a person, Jonathan Quello.  Do you

8   understand?

9           THE DEFENDANT:  Yes, sir, I do understand.

10          THE COURT:  Second, that you acted knowingly and with

11  the intent to influence the testimony of that person, Quello,

12  in an official federal proceeding, United States v. Esfrain

13  Silva, 12 CR 298, or cause or induce the person Quello to

14  withhold testimony from an official proceeding, United States

15  v. Silva, or to hinder, delay or prevent the communication to a

16  law enforcement officer of information relating to the

17  commission of a federal offense.  That is U.S. v. Silva and the

18  federal investigation that lead to the indictment of you and

19  the others in this case.  Do you understand?

20          THE DEFENDANT:  Yes, I do understand the elements.

21          THE COURT:  For all three of those charges, if you

22  plead guilty, you will be waiving your right to challenge the

23  venue of the prosecution.  Do you understand?

24          THE DEFENDANT:  Yes, sir, I do understand.

25          THE COURT:  Again, venue means that the government

EBCUMACP

1    must bring the case in the judicial district where the crime

2    took place.  If you plead guilty, you would be waiving your

3    right to challenge the venue of this prosecution.  Do you

4    understand?

5              THE DEFENDANT:  Yes, sir, I do understand.

6              THE COURT:  Counsel for the government, have I left

7    out any elements of the offenses?

8              MR. MASIMORE:  No, your Honor.

9              THE COURT:  Counsel for the defense, have I left out

10   any elements of the offense?

11             MR. MACK:  Not to my knowledge.

12             THE COURT:  So, Mr. Maccow, the government would have

13   to prove each and every one those elements to a jury beyond a

14   reasonable doubt.  Do you understand?

15             THE DEFENDANT:  Yes, sir, I do understand.

16             THE COURT:  In order to attempt to prove your guilt

17   beyond a reasonable doubt, the government would call witnesses.

18   Do you understand?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  Your lawyer could question those witnesses

21   and your lawyer could object to evidence that the government

22   sought to introduce against you.  Do you understand?

23             THE DEFENDANT:  Yes, sir, I do understand.

24             THE COURT:  You could call your own witnesses at trial

25   and your lawyer would have the subpoena power of the United

16

EBCUMACP

1   States to make those witnesses come to court for you.  Do you

2   understand?

3           THE DEFENDANT:  Yes, sir.

4           THE COURT:  You could also testify in your own behalf

5   at trial.  Do you understand?

6           THE DEFENDANT:  Yes, I do understand.

7           THE COURT:  At the same time, you could not be forced

8   to testify because you have a right against self-incrimination.

9   Do you understand?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  That right against self-incrimination

12  means that you cannot be required to say that you are guilty

13  out of your own mouth.  Do you understand?

14          THE DEFENDANT:  Yes, sir, I do understand.

15          THE COURT:  So even if you are guilty, you are not

16  required to plead guilty.  You could remain silent and force

17  the government to attempt to prove your guilt beyond a

18  reasonable doubt.  If the government could not prove each and

19  every element of the crime charged against you beyond a

20  reasonable doubt, the jury would have to find you not guilty.

21  Do you understand?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  If you plead guilty, I will have to ask

24  you what you did that makes you guilty.  When you answer those

25  questions, you will be saying that you are guilty out of your

EBCUMACP

```
 1    own mouth, thereby giving up your right against

 2    self-incrimination.  Do you understand?

 3              THE DEFENDANT:  Yes, sir, I do understand.

 4              THE COURT:  Let's talk about the sentencing guidelines

 5    and the sentencing process.

 6              The sentencing guidelines are advisory.  What that

 7    means is that, while I am required to determine the guideline

 8    range that applies to your case, once I make that

 9    determination, I am not required to sentence you within that

10    guideline range.  Do you understand?

11              THE DEFENDANT:  Yes, sir.

12              THE COURT:  If you plead guilty, you will meet with

13    the probation department and they will prepare a presentence

14    report.  That report will have information about you and the

15    crimes that you are alleged to have committed.  Do you

16    understand?

17              THE DEFENDANT:  Yes, sir, I do understand.

18              THE COURT:  That report will also have the probation

19    department's guideline calculation.  If the guideline

20    calculation contained in the report is different than the

21    guideline calculation that I ultimately determine and if the

22    guideline calculation that I ultimately determine is different

23    from what you are hoping for, that will not be a ground to take

24    your plea back.  Do you understand?

25              THE DEFENDANT:  Yes, sir.
```

EBCUMACP

1          THE COURT:  If the sentence that I impose is within or

2   outside of the guideline range, is different from what you were

3   hoping for, that will not be a ground to take your plea back.

4   Do you understand?

5          THE DEFENDANT:  Yes, sir, I do understand.

6          THE COURT:  So as you sit here today, there is no

7   promise as to what your guideline range will be nor is there a

8   promise as to what your sentence will be.  Do you understand?

9          THE DEFENDANT:  Yes, sir, I do understand.

10          THE COURT:  Let's talk about your agreement with the

11   government.

12          Is this your signature on the last page of that

13   document?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Before signing it, did you read it and

16   discuss it with your attorney?

17          THE DEFENDANT:  Yes, sir, I did.

18          THE COURT:  Does that agreement contain the entirety

19   of your agreement with the government?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Counsel, for the government is that

22   correct?

23          MR. MASIMORE:  Yes, your Honor.

24          THE COURT:  Counsel for the defense, is that correct?

25          MR. MACK:  That is correct.

EBCUMACP

1          THE COURT:  Let's talk about the statutory penalties

2     that apply.

3          Count 1 has a maximum term of imprisonment of 10

4     years.  Do you understand?

5          THE DEFENDANT:  Yes, I do, Judge.

6          THE COURT:  There is a maximum term of supervised

7     release of three years.  Do you understand?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Supervised release is like a term of

10    probation you would serve after a term of custody.  You would

11    be subject to drug testing, visits to a probation officer's

12    office and other limitations on your freedom.  Do you

13    understand?

14         THE DEFENDANT:  Yes, sir, I do.

15         THE COURT:  If you were to violate a condition of

16    supervised release, you could be sentenced to an additional

17    term of custody and/or an additional term of supervised release

18    without credit for time previously served in custody or on

19    supervised release.  Do you understand?

20         THE DEFENDANT:  Yes, sir, I do.

21         THE COURT:  You will be subject to the possibility of

22    a maximum fine of the greatest of $250,000, twice the gross

23    pecuniary gain derived from the offense or twice the gross

24    pecuniary loss to persons other than you resulting from the

25    offense.  Do you understand?

EBCUMACP

1        THE DEFENDANT:  Yes, I understand, sir.

2        THE COURT:  In addition, for Count 1, you will be

3   subject to a $100 special assessment.  It is like a fine except

4   it is mandatory.  You must pay that to the United States.  Do

5   you understand?

6        THE DEFENDANT:  Yes, I understand that.

7        THE COURT:  Count 2 has a maximum term of imprisonment

8   of 20 years.  Do you understand?

9        THE DEFENDANT:  Yes.

10        THE COURT:  And there is a maximum term of supervised

11   release of life.  Do you understand?

12        THE DEFENDANT:  Yes, sir.

13        THE COURT:  The maximum fine for Count 2 is $1

14   million.  Do you understand?

15        THE DEFENDANT:  Yes, I understand.

16        THE COURT:  For Count 2 there is also a $100 mandatory

17   special assessment.  Do you understand?

18        THE DEFENDANT:  Yes, sir, I understand.

19        THE COURT:  Count 3 has a maximum term of imprisonment

20   of 30 years.  Do you understand?

21        THE DEFENDANT:  Yes, sir.

22        THE COURT:  And a maximum term of supervised release

23   of five years.  Do you understand?

24        THE DEFENDANT:  Yes, I do, sir.

25        THE COURT:  The maximum fine on Count 3 is the

21

EBCUMACP

1    greatest of $250,000 or twice the gross pecuniary gain derived

2    from the offense or twice the gross pecuniary loss to persons

3    other than you resulting from the offense.  Do you understand?

4              THE DEFENDANT:  Yes, I do understand.

5              THE COURT:  Count 3 also has a $100 mandatory special

6    assessment.  Do you understand that?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  So the total maximum term of imprisonment

9    on Counts 1 through 3 is 60 years.  Do you understand?

10             THE DEFENDANT:  Yes, I understand, sir.

11             THE COURT:  In addition, under your agreement with the

12   government, you have agreed to make restitution in an amount

13   determined by the Court in accordance with 18, U.S.C., Sections

14   3663 and 3663(a).  Do you understand?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  Also, pursuant to your agreement with the

17   government, you are admitting the forfeiture allegations with

18   respect to Counts 1 and 2 of the superseding information.  Do

19   you understand?

20             THE DEFENDANT:  Yes, sir, I understand.

21             THE COURT:  If you are not a United States citizen,

22   you need to be aware that your plea and conviction for Counts 1

23   through 3 subject you to the possibility that you would be

24   deported, in fact, it subjects you to the possibility that your

25   deportation or removal from the United States would be

EBCUMACP

1     mandatory.  Do you understand?

2                THE DEFENDANT:  Yes, I understand.

3                THE COURT:  Have you discussed that with your

4     attorney?

5                THE DEFENDANT:  Yes, sir.

6                THE COURT:  You have a statutory right to appeal.  If

7     you cannot afford to hire an attorney to help you prosecute the

8     appeal, the Court would give you an attorney for free.  Do you

9     understand?

10               THE DEFENDANT:  Yes, sir.

11               THE COURT:  While you have a statutory right to

12    appeal, under your agreement with the government, you have

13    agreed not to file an appeal or bring a collateral change nor

14    seek a sentence modification of any sentence within or below a

15    guideline range of 92 to 115 months' imprisonment.  Do you

16    understand?

17               THE DEFENDANT:  Yes, sir.

18               THE COURT:  Again, I reiterate, there are no promises

19    as to what you your guideline range will be nor is there a

20    promise as to what your sentence will be.  There is an

21    estimated guideline range contained in your agreement with the

22    government.  Have you seen that and discussed that with your

23    attorney?

24               THE DEFENDANT:  Yes, sir.

25               THE COURT:  Counsel for the defendant, do you have

EBCUMACP

1   anything to add with respect to that estimate at this time?

2          MR. MACK:  Nothing other than what is in the

3   agreement, your Honor, nothing to add to that description.

4          THE COURT:  So, Mr. Maccow, make sure that you

5   understand that is an estimate.  It is not binding on the

6   probation department and it is not binding on me.  Do you

7   understand?

8          THE DEFENDANT:  Yes, sir.  I do understand, sir.

9          THE COURT:  Mr. Maccow, are you satisfied with your

10  legal representation up to this point?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Do you have any questions you would like

13  to ask your attorney in private before we continue?

14         THE DEFENDANT:  No, sir.

15         THE COURT:  Do you have any questions for me before we

16  continue?

17         THE DEFENDANT:  No, sir.

18         THE COURT:  Counsel, are you aware of any reason why

19  Mr. Maccow should not plead guilty?

20         MR. MACK:  I am unaware of any such reason.

21         THE COURT:  Are you aware of any defense to the

22  charges?

23         MR. MACK:  No.

24         THE COURT:  Mr. Maccow, are you willing to give up

25  your right to a trial and the other rights that we have

EBCUMACP

1    discussed?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  Other than what is contained in Court

4    Exhibit 1, your agreement with the government, has anyone made

5    any promises to induce you to give up those rights?

6              THE DEFENDANT:  No, sir.

7              THE COURT:  Has anybody made any threats or forced you

8    to give up those rights?

9              THE DEFENDANT:  No, sir.

10             THE COURT:  How do you plead to Counts 1 through 3 of

11   the superseding information, guilty or not guilty?

12             THE DEFENDANT:  Guilty, sir.

13             THE COURT:  What did you do that makes you guilty of

14   the crimes charged?

15             (Discussion off the record between defendant and

16   counsel)

17             THE DEFENDANT:  From at least 2008 and including

18   around October 30, 2013 in the Bronx, New York and elsewhere, I

19   agreed with others to attempt to get into, burglarize

20   drugstores, pharmacies for the purpose of stealing drugs and

21   controlled substance.

22             As part of that agreement, I attempted to burglarize a

23   pharmacy at 83 East Gun Hill Road in the Bronx around October

24   15, 2013.

25             And around April 23, 2012, I did participate in a

EBCUMACP

1    burglary at 495 Beach 20th Street in Queens in which a

2    controlled substance was stolen.

3            (Discussion off the record between defendant and

4    counsel)

5            THE DEFENDANT:  Again, from at least 2008 until around

6    October 30, 2013, I did agree with others that the Schedule II

7    drugs including oxycodone and oxymorphone, that I, with others,

8    took from pharmacy burglarized would be distributed and sold by

9    others for profit.

10           Around May 19, 2012, in the Southern District of New

11   York, I lost my temper and struck a person who I believed was

12   providing information to the police or other law enforcement

13   people that were harming my friends in a criminal

14   investigation --

15           (Discussion off the record between defendant and

16   counsel)

17           -- to stop them from providing information to law

18   enforcement.

19           THE COURT:  So for Count 3, you indicated that you

20   lost your temper and you hit someone.  Did you hit that person

21   with the intention of keeping them from providing information?

22           THE DEFENDANT:  Yes, sir.

23           THE COURT:  Did that keep them from providing

24   information related to potential targets against you?

25           THE DEFENDANT:  Yes, sir.

EBCUMACP

```
 1              THE COURT:  You have indicated as to Count 1 that you
 2    and others that had this agreement to burglarize pharmacies
 3    used cell phones.  Did you use those cell phones to aid in the
 4    attempted entry or remaining in the pharmacies?
 5              THE DEFENDANT:  Both.
 6              THE COURT:  Let me hear from the government any
 7    proffer regarding the pharmacies.
 8              MR. MASIMORE:  I would proffer that the pharmacies,
 9    your Honor, in this case were all registered with the DEA as
10    required.  They were all pharmacies that as part of their
11    operations dispensed controlled substances pursuant to
12    prescription.
13              If we were put to our burden of proof at trial, your
14    Honor, I would also add that some of the pharmacies were within
15    the Southern District of New York.
16              And part of our evidence would be a statement provided
17    by Andy Maccow, the defendant, after he was read his Miranda,
18    waived his Miranda rights, confessing to these crimes.
19              THE COURT:  Any other allocution required or requested
20    by the government?
21              MR. MASIMORE:  I believe it is sufficient, your Honor.
22              THE COURT:  Anything else from the defense?
23              MR. MACK:  No, your Honor.
24              THE COURT:  I find that Mr. Maccow is competent to
25    plead.  I find that he understands the rights he is waiving by
```

EBCUMACP

1    pleading guilty.  I further find that there is a factual basis

2    for the plea.  I will accept his plea of guilty.

3              Sentencing is set for February 13, 2015 at 2 p.m.

4              Does that date and time work for everyone?

5              MR. MACK:  Pardon me, your Honor.

6              Fine, your Honor.

7              THE COURT:  In addition, Mr. Maccow, pursuant to your

8    agreement with the government, you have agreed to a forfeiture

9    order.  You agreed to forfeit certain funds.

10             I have before me a consent preliminary order of

11   forfeiture.

12             Is that your signature on the last page?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  Before signing it, did you discuss it and

15   review it with it your attorney?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  Did you read it before you signed it?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  Did you sign it because it was your

20   intention to consent to his preliminary order of forfeiture?

21             THE DEFENDANT:  Yes, sir, I did.

22             THE COURT:  I will accept that.

23             Anything else from the government today?

24             MR. MASIMORE:  No, your Honor.

25             Thank you.

EBCUMACP

1          THE COURT:  Anything else from the defendant?

2          MR. MACK:  No, your Honor.

3          THE COURT:  Thank you very much.

4          Have a good day.

5

6                              o   0   o

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25