```
f7h2macc kjc
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                New York, N.Y.

          v.                             13 Cr. 811(ALC)

ANDY MACCOW,

                  Defendant.

------------------------------x

                                         July 17, 2015
                                         10:45 a.m.

Before:

              HON. ANDREW L. CARTER, JR.,

                                         District Judge


                   APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
BY:  JASON A. MASIMORE
     Assistant United States Attorney


DOAR, RIECK, KALEY & MACK
     Attorneys for Defendant
BY:  WALTER S. MACK, JR.



ALSO PRESENT:

SPECIAL AGENT THOMAS D'AMICO, FBI

ELIZA LEHNER, Intern, U.S. Attorney's Office

1      (Case called)

2      MR. MASIMORE: Good morning, your Honor. Jason

3 Masimore for the government. With me at counsel's table is,

4 with the court's permission, Eliza Lehner, an intern with our

5 office, and Special Agent Thomas D'Amico of the F.B.I.

6      THE COURT: And for the defendant?

7      MR. MACK: Good morning, your Honor. I am Walter Mack

8 for the defendant. Mr. Maccow is sitting to my left in court

9 today.

10     THE COURT: So we are here today to perhaps have a

11 hearing on issues related to obstruction of justice and

12 acceptance of responsibility and the like. I have seen the

13 parties' most recent submissions. Let me just get some

14 clarification as to what the parties' positions are currently.

15 I believe I understand what they are. I just want to confirm

16 it for the record. So let me hear from defense counsel as to

17 what your position is regarding what the guidelines should be

18 and what your position is regarding the propriety of this

19 hearing and what needs to be elicited at this hearing.

20     MR. MACK: Yes, your Honor.

21     I am actually speaking, hopefully, consistently with

22 my letter of yesterday that I sent to the court when I say the

23 following:

24     Despite what I have said in the past and upon further

25 effort and what have you, the issue that, at least as to the

1  guidelines that I am asking the court to resolve, is that
2  Mr. Maccow should receive from the probation department's
3  computation in the PSR acceptance of responsibility and
4  timeliness credits, three levels.
5       The probation department has taken the view and
6  presented to your Honor a recommendation of a 121-month
7  sentence, which is consistent with level 30, which is what
8  their position was.  They have not granted any acceptance of
9  responsibility or timeliness credit.
10      What I would want to urge upon your Honor is that this
11 is covered by what was quoted both by the government and I that
12 this is an extraordinary case, given my understanding of the
13 law, that would justify the court's resolution that three
14 levels can be subtracted from 30, making it a level 27
15 guidelines situation, rather than level 30, which is what the
16 probation department is stating.  That difference is 121 to 151
17 months at level 30 and 121 months is the sentencing
18 recommendation.  What we are asking is that in fact there be a
19 resolution that he is entitled, given the facts, to an
20 acceptance of responsibility and timeliness determination and
21 that the proper level should be level 27, which is 87 to 108
22 months for the guidelines suggested or advisory level.
23      What we are prepared to say and, if necessary, call
24 Mr. Maccow on, points to deal with the court's concern
25 expressed last we met I think in April of this year.  My

1  argument is that in fact this is a case in which that credit
2  should be given based upon the facts.
3         THE COURT:  Okay.  Let me hear from the government
4  regarding your position currently.
5         MR. MASIMORE:  Yes, your Honor.  Currently the
6  government believes that the probation office offered a legally
7  correct calculation of the guidelines in connection with the
8  sentencing insofar as the PSR included an adjustment for
9  obstruction of justice because of his conviction for the
10 obstruction of justice offense.
11        The way the plea agreement was structured, we didn't
12 include that.  It was an error.  The plea agreement also, at
13 the time the plea agreement was entered into, gave Mr. Maccow
14 credit for acceptance of responsibility.  Our understanding of
15 the law is the court is not required to withhold acceptance of
16 responsibility if there is an enhancement for obstruction of
17 justice.  Our position when we entered the plea agreement and I
18 think as we stand here now, before Mr. Maccow would take the
19 stand, is that the court would be within its discretion to
20 apply the acceptance of responsibility based on some of the
21 factors, including the timeliness of the defendant's acceptance
22 of responsibility and how, on the night of his arrest, he gave
23 a fairly full and comprehensive confession not only to his
24 conduct in the burglary and conspiracy to distribute drugs
25 offenses, but also with respect to the obstruction of justice

1    offense.

2           As I noted in our letter, the court had asked some
3    questions about the outburst at one of the status conferences.
4    When we entered into the plea agreement, this was post that
5    outburst.  The feeling on our side was that there were
6    significant mitigating circumstances, namely, that a large
7    portion of the confession that Mr. Maccow had given had related
8    to some very serious crimes committed by some of the people
9    sitting right next to him when he made that outburst and, in
10   fact, by some of the people who may have been present as
11   audience members in the courtroom.  We understood that at the
12   time, and so we were still willing to -- and of course it is
13   not binding on the court, but for purposes of the plea
14   agreement, we were willing to still give him acceptance of
15   responsibility points and not view that as an intentional
16   outburst for the purpose of obstructing justice as much as it
17   was responding to some external stimuli that were present.

18          Our position, though, is that if Mr. Maccow persists
19   in the argument or persists in bringing facts forward in
20   support of a reduced sentence that aren't consistent with what
21   we understand to be the truth from his prior admissions, namely
22   one, if he were to take the stand and give an account as it is
23   described in the sentencing submission under oath where this
24   was a chance encounter and, two, if Mr. Maccow were to repeat
25   on the stand under oath some of the facts that he had stated in

1   his outburst, specifically, that he wasn't in his right frame
2   of mind during his postarrest and that he was tricked by the
3   agents into signing the advice of rights, and that he was so
4   under the influence of drugs that he just didn't know what he
5   was doing, if he were to do that now, I think we would have no
6   choice but to view that as further obstructive conduct, and I
7   think we would have to argue that he has not accepted
8   responsibility and we would argue for greater sentence.
9          As it stands now, even though we made the error in the
10  plea agreement, the government is standing by the guidelines
11  range of 92 to 115 months as an appropriate sentence, if
12  nothing more happens, based on the totality of circumstances.
13         THE COURT:  So just to be clear, let me make sure I
14  understand the government's position.  Is the government's
15  position that you agree legally that Mr. Maccow at this point
16  would be entitled to acceptance of responsibility under the
17  guidelines and that would reduce his range from the adjusted
18  offense level from 30 to 27 and then in category III, his
19  guideline range would be 87 to 108 months?  I understand the
20  plea agreement had different estimates, but is the government's
21  position -- I know you indicated that you feel that acceptance
22  of responsibility obviously is something that's in my
23  discretion, but is it your position that, based on the facts as
24  we have them now, prior to having any hearing, that acceptance
25  of responsibility is appropriate notwithstanding the

1  obstruction of justice enhancement?
2         MR. MASIMORE:  That is the current position, yes, your
3  Honor.
4         THE COURT:  I think it is helpful to have everyone's
5  position clear.
6         Let me just explain something else to the parties in
7  terms of what my thinking is at this point.  I have looked at
8  the case that the defense cited regarding acceptance of
9  responsibility notwithstanding obstruction of justice
10 enhancement.  I don't think that case is particularly helpful.
11 That case certainly focuses on timeliness.  There are other
12 cases, in particular there is a case, *United States of America*
13 *v. Derek Jones*, 1995 U.S. Dist. Lexis 19878.  It was Crim.
14 number 295 Cr. 22-02 from 1995, which focused on, in addition
15 to timeliness, the timing of the acceptance of responsibility
16 vis-a-vis the obstruction of justice.  And many other cases
17 talk about when the obstruction of justice happens in the early
18 stages of the proceeding and especially when the obstruction of
19 justice happens prior to arraignment, that courts are certainly
20 working within their discretion, then, to still award
21 acceptance of responsibility points for action that happens
22 later.
23        So, for example, in that case after the obstructive
24 conduct took place in the *Derek Jones* case, the defendant in
25 that case was arrested, spoke truthfully to agents, and pled

1  guilty and accepted responsibility for the actions, and the
2  court awarded acceptance of responsibility points even though
3  an obstruction of justice enhancement was given.
4      It seems to me that, as we sit here now, this case may
5  be very similar to Derek Jones, in terms of what I have before
6  me now is no doubt obstruction of justice regarding what
7  Mr. Maccow did to that witness who he believed was cooperating
8  against him, but that happened certainly prior to the
9  arraignment in this case. That happened prior to the
10  arraignment and prior to his arrest. Once he was arrested, the
11  information that I have before me is that Mr. Maccow made
12  certain statements and the government is taking the position
13  that those statements Mr. Maccow made at the time that he was
14  arrested were true. The government also takes the position
15  that the statements Mr. Maccow made to the probation
16  department, as they were investigating this case, which
17  certainly happened following the arraignment and later on and
18  far on into this litigation process, were also true.
19      My concerns before focused on some of the arguments
20  that were being made by defense counsel that seemed to indicate
21  at first some concerns as to whether or not the obstruction of
22  justice enhancement should apply. I think those have been
23  resolved. Now I have a clear understanding of the defense's
24  position. But my understanding is that the defense was at some
25  point taking a position that some of the statements that

1   Mr. Maccow allegedly made to the agents were incorrect and that
2   the statements that Mr. Maccow made to probation or certain
3   portions of that were also incorrect, and that while Mr. Maccow
4   still obstructed justice, he wants me to be aware that he
5   obstructed justice in a different way than as set forth in the
6   probation department report and in a different way than what
7   was set forth when he spoke to the agents upon his arrest.
8            It does seem to me at this point, before we go further
9   and have a hearing, I certainly would be acting within my
10  discretion -- and I might very well be inclined -- to give him
11  acceptance of responsibility points, the three points for
12  acceptance of responsibility based on what I have before me
13  now.
14           Obviously, if we wish to have a hearing, we may do so,
15  and I think the defense had at one point indicated they had a
16  desire to at least flesh out this slightly different version of
17  events.  So I just want the parties to understand that.  If
18  Mr. Maccow puts forth any testimony that is inconsistent with
19  what was previously said, that doesn't mean that what he is
20  saying now isn't true, but I would certainly need to make some
21  factual findings regarding what the truth might be if we have
22  some sort of hearing.  I am going to need to make some sort of
23  factual findings as to what the facts are and if, at this
24  stage, toward the end of the litigation process, he starts to
25  lie or frivolously contest certain things, then it seems that I

1    would be kind of hard pressed at that point to give him
2    acceptance of responsibility.  So I just wanted to let the
3    parties know that and find out if the parties wish to have --
4    perhaps it may make sense to take a small break and let counsel
5    talk about this and think about this and figure out if you
6    actually wish to have this hearing.  So maybe we should do
7    that.
8              MR. MACK:  Just a couple of comments, your Honor.
9              Number one, I apologize to the court.  The *Jones* case
10   is actually in the footnote of the sentencing guidelines manual
11   that we also cited, so that case is in there, so I apologize if
12   the court believes I was denying important authority.
13             The other concern I just wanted to address at one time
14   back when at an earlier conference the court expressed some
15   concern about I think the April 4, 2014, discussion by
16   Mr. Maccow before your Honor, I know the court has the power to
17   decide that itself was obstructive conduct and all I wanted to
18   ask if that was something that figured in your remarks or is
19   that something that I should address, because I think you
20   instructed me be prepared today to address that outburst.  But,
21   given the government's position, I would like to avoid doing
22   that, unless the court feels it is necessary.  I just don't
23   want to forget about it because I know the court directed me to
24   be prepared to respond to that.
25             THE COURT:  Given what I have received from the

1  government, the submission of the government and the broader

2  context of my understanding of what might have been happening

3  there, I am not inclined to give an additional enhancement for

4  obstruction of justice based on what was said there.  Again, to

5  be clear, some of my concerns before were based on inferences

6  that defense counsel wished for me to draw about what might

7  have actually happened in terms of the obstructive conduct and,

8  again, my understanding is the main difference that the defense

9  wanted me to focus on was whether or not Mr. Maccow planned to

10 confront this alleged cooperator or whether it was just a spur

11 of the moment meeting.  But I think even with what defense

12 counsel was stating before, there would be no doubt that an

13 obstruction of justice enhancement would be justified.  And, as

14 I mentioned then, I believe, I'm not sure that that makes a

15 difference; and, if it does make a difference, I'm not sure it

16 is actually better for Mr. Maccow if in fact it is that he just

17 lacks that sort of impulse control and sees someone who he

18 believes is cooperating against him and reacts violently that

19 quickly.

20         But, all that being said, at this point, no, I am not

21 inclined to give him an additional obstruction of justice

22 enhancement.  I am inclined to give him acceptance of

23 responsibility under the guidelines based on the information

24 that I have before me now.  Obviously we are here.  We have

25 time for a hearing.  If the parties wish to have a hearing to

1  bring out these facts any more, we can do that.  But obviously
2  I want Mr. Maccow to understand that if in doing this and
3  counsel understand that if in doing this I determine -- I am
4  not going to prejudge this -- that you are frivolously
5  contesting this or you are putting forth some sort of false
6  information and doing other things that sort of militate
7  against a finding that there is timely acceptance of
8  responsibility, then I very well may not give him acceptance of
9  responsibility.
10          MR. MACK:  Understood, your Honor.  I wonder if I
11  could have maybe three minutes to talk to Jason Masimore and
12  talk to my client.
13          THE COURT:  Certainly I will give you five.
14          MR. MACK:  I think I know pretty clearly what my
15  recommendation would be.
16          THE COURT:  Okay.  Thank you.
17          (Recess)
18          THE COURT:  How do the parties wish to proceed?  Are
19  we going to proceed with a hearing today.
20          MR. MACK:  Not from the defense point of view, your
21  Honor, given what has happened.  I believe the government
22  agrees that it is unnecessary and the sentencing should
23  proceed, but I will let Mr. Masimore speak his own.  But from
24  the defense point of view, we do not feel a hearing need be
25  done today.

```
 1              THE COURT:  Okay.  From the government's perspective.
 2              MR. MASIMORE:  I agree, your Honor.  As I understand
 3   it, the defense is no longer going to put forth the argument
 4   that it was a chance encounter that led to the obstruction of
 5   justice, and so that fact not coming before the court anymore,
 6   nothing else material would be in dispute.  So as long as
 7   that's what their arguments here are, then we don't think there
 8   is a reason for a factual hearing.
 9              THE COURT:  Is that correct, counsel?
10              MR. MACK:  We are not going to make the argument, your
11   Honor.  But I am not conceding that I falsely provided
12   information to the court, but we are not making the argument.
13              THE COURT:  Okay.  Let's do this.  I know that
14   Mr. Maccow has been waiting anxiously for sentence.  I am not
15   prepared to go forward with the sentence today.  I was prepared
16   for this hearing.  I need some time to think again about the
17   sentence, so let's just adjourn this for another date.  Can we
18   get a date sometime perhaps in September, Tara?
19              THE DEPUTY CLERK:  Friday, September 10, at 3:00.
20              THE COURT:  Does that date and time work for everyone?
21              MR. MASIMORE:  Yes, your Honor.  Thank you.
22              THE COURT:  Does that work for the defense as well?
23              MR. MACK:  I believe it does, your Honor.  If I can
24   just have a minute here with my calendar.
25              (Pause)
```

1           MR. MACK:  September 10 at 3:00?

2           THE COURT:  Yes.

3           MR. MACK:  That works.  I just would like to say

4  obviously Mr. Maccow is very anxious and was anxious today, so

5  fine, but we will do whatever we need to do to help the court

6  in terms of getting sentenced that day because I know how out

7  of bounds Mr. Maccow is about the uncertainty of his future.

8           THE COURT:  Let's do this, though, while we are here.

9  Are there any other objections to the guideline calculation?

10  So, just to be clear, for the record, I find that Mr. Maccow is

11  in criminal history category III with the total offense level

12  of 27, giving him the three points for acceptance of

13  responsibility which has a guidelines range of 87 to 108

14  months.  That is the court's guideline determination.

15           Are there any objections to anything else in the

16  guideline calculation?  I understand the parties may make other

17  arguments in terms of what the appropriate sentence may be, but

18  as an initial matter, I have to determine the guideline range

19  that applies prior to any downward or upward departures or

20  variances from the guideline.  Are there any other objections

21  to the guideline range that's been determined by the court by

22  the government?

23           MR. MASIMORE:  No, your Honor.

24           THE COURT:  By the defense?

25           MR. MACK:  No, your Honor.

f7h2macc kjc

1     THE COURT:  Okay.  So we will see you on September 10.
2  Thank you.
3     MR. MASIMORE:  Thanks, Judge.
4     MR. MACK:  Thank you.
5                        - - -